IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN BANK OF OKLAHOMA,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN LEE HAYS, SR.;<br>UNITED STATES OF AMERICA<br>INTERNAL REVENUE SERVICE;<br>STATE OF OKLAHOMA ex rel.<br>OKLAHOMA TAX COMMISSION;<br>and INTERNATIONAL BANK OF<br>COMMERCE,<br><br>    Defendants. | Case No. 24-CV-00094-SEH-MTS |

## OPINION AND ORDER

Before the Court are several matters: (1) Plaintiff's Motion for Default Judgment [ECF No. 33]; (2) Plaintiff's Supplemental Motion for Default Judgment [ECF No. 45]; (3) the Report and Recommendation of United States Magistrate Judge Mark Steele on Plaintiff's motions for default judgment [ECF No. 51]; and (4) Plaintiff's Supplemental Motion for Summary Judgment [ECF No. 43].

**I. Default Judgment**

Plaintiff's Motion for Default Judgment [ECF No. 33] and Supplemental Motion for Default Judgment [ECF No. 45] were referred to United States

Magistrate Judge Mark Steele for report and recommendation. Following an evidentiary hearing, Judge Steele recommends that the Motion for Default Judgment be denied as moot and that the Supplemental Motion for Default Judgment be granted. The Report and Recommendation was entered on May 22, 2025. No objections were filed in the time permitted under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(2).

Having reviewed the Report and Recommendation, the record, and the applicable authority, the Court concurs with the Magistrate Judge's recommendation and accepts and adopts it as the order of this Court. Therefore, Plaintiff's Motion for Default Judgment [ECF No. 33] is DENIED AS MOOT, but Plaintiff's Supplemental Motion for Default Judgment against Defendants Steven Lee Hays, Sr. and International Bank of Commerce [ECF No. 45] is GRANTED. Default judgment will be granted in the amount of $491,687.80 with interest from February 28, 2024, in the amount of $70.73 per day, *in personam* as to Defendant Steven Lee Hays Sr., and *in rem* as to Defendant International Bank of Commerce. The Court will enter a separate judgment.

## II. <u>Summary Judgment</u>

In addition to seeking default judgment against Defendants Steven Lee Hays, Sr. and International Bank of Commerce, Plaintiff seeks summary judgment against Defendant Steven Lee Hays, Sr., the yacht at the center of

this action, and it seeks an order for judicial sale of the yacht with proceeds to be paid first to Plaintiff in satisfaction if its judgment "with the residue, if any, to be held pending further order of the Court." [ECF No. 43 at 5–6].

### A. Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In applying the summary judgment standard, a court must view facts in the light most favorable to the non-moving party. *Forth v. Laramie Cnty. Sch. Dist. No. 1*, 85 F.4th 1044, 1059 (10th Cir. 2023). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Conclusory, unspecified, self-serving statements or affidavits without evidentiary support will not survive summary judgment. *Janny v Gamez*, 8 F.4th 883, 899 (10th Cir. 2021); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

Additionally, LCvR56.1(b), (c) & (e) requires parties to include a section in their brief that sets forth a statement of "material facts to which the moving party contends no genuine issue of fact exists," which shall be stated in "concise, numbered paragraphs" with accompanying citations. "The response brief in opposition to a motion for summary judgment ... shall begin with a section responding, by correspondingly numbered paragraph, to the facts that the movant contends are not in dispute and shall state any fact that is disputed." LCvR56.1(c). "All material facts" in the movant's statement of material facts will be admitted for summary judgment purposes "unless specifically controverted by the statement of material facts of the opposing party, using the procedures set forth in this rule." *Id.*; *see also Mills v. Amazon.com Servs., LLC*, No. 24-CV-0188-CVE-CDL, 2025 WL 861381, at *1 (N.D. Okla. Mar. 19, 2025) (collecting cases). None of the parties have responded to the factual assertions in Plaintiff's supplemental motion for summary judgment, so the facts identified in the motion are admitted for purposes of summary judgment.

B. <u>Background</u>

Defendant Steven Lee Hays, Sr. bought a yacht in September 2018, and the purchase was financed by Defendant American Bank of Oklahoma. [ECF No. 43-1]. Hays' loan with Plaintiff was secured by a preferred ship mortgage. [ECF No. 43-2]. The mortgage was recorded with the United States Coast

Guard. [ECF No. 43-3]. Plaintiff agreed to pay the loan in monthly installments with payments to begin on September 28, 2018, and with a maturity date of September 28, 2023. [ECF No. 43-1 at 1].

Plaintiff and Hays agreed that Hays would be in default if he "fail[ed] to make a payment in full when due," and that Plaintiff may repossess and sell the yacht upon default. [ECF No. 43-2 at 4]. Plaintiff made payments on the loan beginning in 2018, but no payments were made after July 26, 2022. [ECF No. 43-4]. The remaining balance of the loan as of February 28, 2024, was $491,687.80 with a daily interest rate of $70.73. [ECF No. 43-5 at 1].

### C. Discussion

Plaintiff requests the following relief:

> WHEREFORE, Plaintiff prays for judgment, *in personam* against Defendant, Hays, and in rem against the Yacht in the sum of FOUR HUNDRED NINETY-ONE THOUSAND SIX HUNDRED EIGHTY-SEVEN and 80/100 ($491,687.80) together with interest from February 28, 2024, in the amount of SEVENTY and 73/100 ($70.73) per day, together with a further order for the judicial sale of the Yacht free and clear of liens and encumbrances with proceeds to be paid first to Plaintiff in satisfaction of its judgment with the residue, if any, to be held pending further order of the Court.

[ECF No. 43 at 5–6]. Because the supplemental motion for default judgment is granted and default judgment will be entered against Defendant Steven Lee Hays, Sr., the supplemental motion for summary judgment as to Defendant Hays is MOOT.

5

Plaintiff seeks relief that is nearly identical to what it sought in its initial motion for summary judgment. *Compare* [ECF No. 25 at 4] *with* [ECF No. 43 at 5–6]. Defendant the United States of America Internal Revenue Service ("IRS") and Defendant State of Oklahoma *ex rel.* the Oklahoma Tax Commission ("OTC") responded in support of Plaintiff's initial motion subject to certain conditions [ECF Nos. 29 & 30], but neither the IRS nor the OTC filed responses to Plaintiff's supplemental motion for summary judgment. Because Plaintiff seeks nearly identical relief, raises the same essential issues in the supplemental motion for summary judgment, and because Plaintiff's motion is simply supplemental to its original motion, the Court will interpret the IRS's and the OTC's responses as though they apply equally to the supplemental motion so as to not "exalt form over substance." *Cf. Bird v. Easton*, 859 F. App'x 299, 302 (10th Cir. 2021) (mem) (quoting 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1476 (3d ed.) (Apr. 2021 Update) (footnote omitted)).

The applicable statute allows a mortgagee to "enforce the preferred mortgage lien in a civil action in rem for a documented vessel, a vessel to be documented under chapter 121 of this title, a vessel titled in a State, or a foreign vessel." 46 U.S.C. § 31325(b)(1). The statutes also allow a mortgagee to "enforce the preferred mortgage lien … by exercising any other remedy (including an extrajudicial remedy) … for the amount of the outstanding

indebtedness or any deficiency in full payment of that indebtedness, if … the remedy is allowed under applicable law." *Id*. § 31325(b)(3)(A).

Plaintiff seeks an order for judicial sale of the yacht, and the agreement between the parties specifically lists sale as a remedy for default. The statutes also specifically contemplate court sales to enforce preferred mortgage liens. 46 U.S.C. §§ 31326 & 31329. Because the undisputed evidence shows that Defendant Steven Lee Hays, Sr. defaulted, the Court grants Plaintiff's request and directs the United States Marshal to sell the yacht and release the proceeds from the sale to the Plaintiff. Further, if the sale does not satisfy the judgment against Hayes in the amount of $491,687.80 with interest from February 28, 2024, in the amount of $70.73 per day, then Plaintiff is entitled to a final judgment against Defendant Hays for the amount of any deficiency remaining after a judicial sale of the yacht.

### III. Conclusion

For the reasons set forth above, the Court orders the following:

1. It is ORDERED that Plaintiff's Motion for Default Judgment [ECF No. 33] is DENIED AS MOOT, but Plaintiff's Supplemental Motion for Default Judgment against Defendants Steven Lee Hays, Sr. and International Bank of Commerce is GRANTED , *in personam* as to Defendant Steven Lee Hays, Sr., and *in rem* as to Defendant International Bank of Commerce in the amount of $491,687.80 with interest from February 28, 2024, in the amount of $70.73 per day, respectively. [ECF No. 45]. The Court will enter a separate judgment.

2. It is ORDERED that Plaintiff's supplemental motion for summary judgment is DENIED AS MOOT as to Defendant Steven Lee Hays, Sr.,

but Plaintiff's request for judicial sale of the yacht is GRANTED. The Court DIRECTS the United States Marshal to sell the yacht, Hull Identification No. AZI68S64G606, in accordance with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and all other applicable authority. Any residue following the sale shall be held pending further order of the Court.

3. Plaintiff is entitled to a final default judgment against Defendant Steven Lee Hays, Sr. in the amount of any deficiency remaining after a judicial sale of the yacht described above.

4. The parties are ORDERED to file a status report no later than 30 days after the sale of the yacht. The parties must advise the Court regarding the results of the sale and identify what, if any, additional matters need to be addressed before this case is closed.

5. A separate judgment will be entered.

DATED this 27th day of June, 2025.

*Sara Hill*

Sara E. Hill
UNITED STATES DISTRICT JUDGE